IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 13, 2015

**STATE OF TENNESSEE v. JONATHAN T. DEAL**

**Appeal from the Criminal Court for Polk County**
**No. 03-075     Andrew M. Freiberg, Judge**

_____

**No. E2015-00342-CCA-R3-CD – Filed November 13, 2015**

_____


Timothy L. Easter, J., concurring.

I concur with the results of the majority, but I believe the trial court properly dismissed Defendant's 36.1 request for exactly the right reason—Defendant's sentence has long since expired. I respectfully disagree that a motion to correct an illegal sentence pursued via Rule 36.1 may not be dismissed soley because the sentence has been served and has expired. *See Philander Butler v. State*, W2014-01366-CCA-R3-CO, 2015 WL 4240256, at *3 (Tenn. Crim. App. July 14, 2015), *perm. app. filed.* I would have dissented from the orginal holding remanding the matter back to the trial court after the original trial judge summarily dismissed Defendant's motion without conducting a hearing.[1] *See State v. Jonathan T. Deal*, No. E2013-02623-CCA-R3-CD, 2014 WL 2802910 (Tenn. Crim. App. June 17, 2014), *no perm. app. filed.*

I vigorously agree with the lead opinion's observation that "this case, perhaps more than any other, highlights the difficulty caused by the broad wording of Rule 36.1." It further highlights the waste of time, resources, and money brought about by the illogical but frequent misuses of this rule by inmates who have now dug themselves deeper conviction graves.

As his testimony on remand demonstrates, Defendant never wanted the relief he was asking for. But yet a party to this proceeding, the People of the State of Tennessee, had to bare the expenses of transporting Defendant from his current place of Federal

---

[1] Retired Judge, the Honorable Carroll Ross, originally dismissed Defendant's Rule 36.1 Motion in November of 2013.

incarceration in Memphis to the other corner of the state in Polk county and appointing of an attorney, only for nothing to be accomplished.  What a waste.

_____
TIMOTHY L. EASTER, JUDGE